UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

STEVE DARRISH AND
LISA DARRISH,
    Plaintiffs,

-vs.-                                **DEMAND FOR JURY TRIAL**

AMSHER COLLECTION SERVICES, INC.
    Defendant.

## COMPLAINT & JURY DEMAND

Plaintiffs Steve Darrish and Lisa Darrish, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Amsher Collection Services, Inc. which is an Alabama company that maintains registered offices in Ingham County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in St. Louis County.

5. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiffs for a T-Mobile debt in the amount of $659.00.

7. Plaintiffs received a bill from T-Mobile in the amount of $1,500.00. Plaintiffs were paying T-Mobile $200 a month on this debt.

8. Sometime in November 2011, Defendant called Plaintiff, Lisa Darrish, when her husband, Steve Darrish, was out of town.

9. Defendant asked Lisa for $659.00 and said to her, "You need to pay us right now." Lisa replied by telling Defendant that she needs to talk with her husband. Defendant said to Lisa, "You do not need to talk to anyone."

10. During this conversation, Defendant threatened Lisa by telling her that they could damage her credit for ten years.  After this conversation, Lisa cried.

11. Also during this conversation, Defendant failed to identify itself as a debt collector.

12. On or about December 6, 2011, Plaintiff Steve Darrish, called T-Mobile to tell them that he is going to pay off the debt. The representative from T-Mobile told Steve that he owes an extra $102.00 since they assigned this debt to a collection agency and this is the fee for it being with a collection agency.

13. On or about December 6, 2011, Plaintiff called Defendant and asked them why he owes them $659.00 (this is what they told Lisa previously). Defendant responded by telling Plaintiff that they have a contract with T-Mobile to collect the debt and told Plaintiff that it is in their agreement with T-Mobile.

14. During this conversation, Defendant said to Steve Darrish, "This will damage your credit and it will be on your credit report from 7-10 years."

15. It should be known that nowhere in this conversation did Defendant identify itself as a debt collector attempting to collect a debt.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

21. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

24. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

25. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

26. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

27. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

28. Plaintiff incorporates the preceding allegations by reference.

29. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

30. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

31. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

32. Plaintiff has suffered damages as a result of these violations of the MCPA.

33. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

December 26, 2011

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email –gnitzkin@creditor-law.com